UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| ANTWON FRENCH, ) | |
| A.K.A. MARKELL MOORE, ) | |
| ) | Civil No. |
| Plaintiff, ) | 20-cv-058-JMH |
| ) | |
| v. ) | |
| ) | |
| DAVID BRYAN HESTER, ET AL., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Antwon French is a resident of Lexington, Kentucky. Proceeding without a lawyer, French filed a civil rights complaint with this Court in which he names two defendants: (1) "Jefferson County, [doing business as the] Lexington Police Department;" and (2) Lexington Police Officer David Bryan Hester. [DE 1]. French's complaint is now before the Court on initial screening pursuant to 28 U.S.C. § 1915(e)(2).

As an initial matter, there is some confusion regarding the first defendant in this case. That is because the Lexington Police Department is located in Fayette County, Kentucky, not Jefferson County. Ultimately, if French intended to name the Lexington Police Department as a defendant, that is not a legal entity capable of being sued. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department itself is not an entity which may be sued, [the county] is the proper party to address the allegations of [the plaintiff's] complaint.");

*Hornback v. Lexington-Fayette Urban Co. Gov't*, 905 F. Supp.2d 747, 749 (E.D. Ky. 2012). If, on the other hand, French intended to assert one or more claims against Fayette County or the Lexington-Fayette Urban County Government, he makes no allegation that the facts about which he complains are the product of a county or municipal policy or custom. Thus, French's complaint fails to state a claim for relief against the county or municipal government. *See Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). As a result, the Court will dismiss the first named defendant from this action.

That said, the Court has conducted a preliminary review of the rest of French's complaint and concludes that it requires an answer from the remaining defendant, Officer David Bryan Hester. Since the Court granted French pauper status, the Clerk's Office and the United States Marshals Service (USMS) will serve the defendant with a summons and copy of the complaint on French's behalf. *See* Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d).

Accordingly, **IT IS ORDERED** as follows:

(1) French's claims against "Jefferson County, [doing business as the] Lexington Police Department," are **DISMISSED**. As a result, the Clerk of the Court shall **TERMINATE** this defendant from this action.

2

(2) The Deputy Clerk shall prepare a Service Packet for service upon the remaining defendant, Officer David Bryan Hester. The Service Packet shall include:

    a) a completed summons form;

    b) the complaint [DE 1];

    c) this Memorandum Opinion and Order; and

    d) a completed USM Form 285.

(3) The Deputy Clerk shall send the Service Packet to the USMS in Lexington, Kentucky, and note the date of delivery in the docket.

(4) The USMS shall personally serve the remaining defendant, Officer David Bryan Hester, at the Lexington Police Department at 150 East Main Street, Lexington, Kentucky 40507.

(5) Finally, French must immediately advise the Clerk's Office of any change in his current mailing address. If French fails to do so, the Court will dismiss his case.

This 18th day of February, 2020.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge